**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 10, 2005[*]
Decided November 15, 2005

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-1640

| | |
|---|---|
| CINQUE ROBINSON, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 04 C 3678 |
| ANDREW WOLFE, et al., *Defendants-Appellees.* | Suzanne B. Conlon, *Judge.* |

**O R D E R**

Cinque Robinson brought this suit under 42 U.S.C. § 1981 against Andrew Wolfe, Helen Kim, and the University of Chicago, and under Title VII against the university. He alleged that the defendants discriminated against him based on his race, retaliated against him, and violated the Americans with Disabilities Act. The district court dismissed the ADA claims with respect to all defendants and subsequently granted the defendants summary judgment on the remaining claims.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Robinson, who is African-American, began working for the University of Chicago's Radovick Laboratory in August 2002 as a Junior Research Technician. Defendants Wolfe and Kim, Robinson's supervisors throughout his employment, made several concessions in order to employ Robinson: he was employed despite his lack of an undergraduate degree––normally a requirement for the position––and allowed to maintain a working schedule planned around his class hours. Despite this flexible schedule, Robinson's performance suffered; by November, Kim and Wolfe had spoken to Robinson several times about a backlog of work and errors in the work that had been done. Robinson in return sent emails to Wolfe, telling him that he needed to be "yelled at" for not keeping up with Robinson's tasks while Robinson was away from the lab, and to Kim, expressing his displeasure at what he characterized as her false accusations regarding his performance. The laboratory then issued a "Notice of Corrective Action" based on Robinson's "unsatisfactory performance of duties" and insubordination, citing the emails. In December, Robinson threatened to make a citizen's arrest of Wolfe "on the grounds of unlawful retaliation." Three days later, the university issued a second "Notice of Corrective Action," again citing Robinson's work performance and insubordination, and suspended him; shortly thereafter Robinson was terminated.

Robinson filed suit and alleged racial discrimination under of Title VII and that the defendants broke an implied contract in violation of § 1981, as well as violations of the Americans with Disabilities Act. The district court dismissed the ADA claim against the university because it had not been raised in the charge he filed initially with the EEOC, and both the ADA the Title VII claims against Wolfe and Kim because they were not "employers" for statutory purposes. This left a § 1981 claim that the defendants discriminated against him on the basis of his race when they broke an implied agreement to let him work a flexible schedule and then fired him and a Title VII claim against the university, alleging discrimination and harassment.

The district court granted the defendants summary judgment on the surviving claims. The court found that Robinson's evidence was insufficient to allow him to proceed under the direct method of proving his case. The court determined that Robinson failed to make his *prima facie* case under the indirect method because he had not shown that he met the appellees' legitimate work expectations, that the changes to his work schedule were an adverse employment action, or that similarly situated employees received favorable treatment. The court added that even if Robinson had made out his *prima facie* case, he could not show that the appellees' stated non-discriminatory reasons for firing him were pretextual. As for Robinson's § 1981 claim, the court found no evidence that the alleged harassment was on account of his race or that it was severe enough to be actionable.

Robinson generally appeals both the dismissal of his claims under the ADA and the grant of summary judgment on his Title VII and § 1981 claims.  Although he reiterates his arguments under the ADA and asserts that they bear on his racial discrimination claims, Robinson does not address the district court's findings that he failed to present an ADA claim in his EEOC complaint or that Wolfe and Kim were not employers under the ADA.  Thus Robinson has forfeited any challenge to these findings, *see Carreon v. Illinois Dept. of Human Services,* 395 F.3d 786, 798 (7th Cir. 2005).

As for the grant of summary judgment, Robinson asserts in conclusory fashion only that he did make out a *prima facie* case of discrimination.  He does not identify any particular error of the district court, but rather argues that his employers' expectations were illegitimate because they did not take his disability, chronic fatigue syndrome, into account, and that his white co-workers were similarly situated to himself.  His argument primarily consists of one of his filings from the district court, resubmitted as a brief with only the bald assertion that it demonstrates a genuine issue of material fact for trial.  This is insufficient. "Perfunctory and undeveloped arguments are waived, especially when, as here, a party fails to develop the factual basis of a claim on appeal and, instead, merely draws and relies upon bare conclusions." *Campania Management Co., Inc. v. Rooks, Pitts & Poust,* 290 F.3d 843, 852 (7th Cir. 2002) (quotation marks omitted).

AFFIRMED.